# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| JONATHAN ALLEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CALVIN MORTON, Warden; ) <br> MICHELLE HOWELL, Acting ) <br> Assistant Warden, Care & ) <br> and Treatment, and CORNELL ) <br> COMPANIES, INC., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO.: CV507-074 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at D. Ray James Prison in Folkston, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that on July 5, 2007, pipes at D. Ray James Prison exploded, backed up, and spilled into the inmates' living quarters. Plaintiff asserts that prisoners were forced to remain in the polluted areas for a long period of time, and that their cells were not subsequently treated with a strong enough cleaning agent. Plaintiff alleges that these living conditions at D. Ray James violated his Eighth Amendment right to be free from cruel and unusual punishment.

With respect to Calvin Morton, Warden of D. Ray James Prison, and Michelle Howell, Assistant Warden, Plaintiff has failed to allege any facts that would tie these individuals to any alleged constitutional violations. In section 1983 actions, liability must

be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or where there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. Because Plaintiff has alleged neither, his claims against Defendants Morton and Howell are due to be dismissed

Furthermore, while private contractors who run prisons act under color of state law for purposes of § 1983, Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003), these contractors can also not be liable on a respondeat superior or vicarious liability basis. Monell v. Dep't of Soc. Servs. 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Congress did not intend to create liability under § 1983 unless action pursuant to an official policy or custom caused a constitutional tort. Id. at 691, 98 S. Ct. at 2036. Although Monell involved municipal corporations, the Eleventh Circuit has extended Monell's holding to private corporations. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Plaintiff fails to allege that there was an established policy or custom on the part of Cornell Companies, and therefore he fails to state a claim against that Defendant. Accordingly, it is my recommendation that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of October, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE